

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.

NGK SPARK PLUG CO., LTD.,

Defendant.

_____/

Case:2:14-cr-20494
Judge: Battani, Marianne O.
MJ: Grand, David R.
Filed: 08-19-2014 At 02:47 PM
INFO USA V NGK SPARK PLUG CO., LTD
(EB)

Violation:   15 U.S.C. § 1

## INFORMATION

### COUNT ONE
### CONSPIRACY TO RESTRAIN TRADE
### (15 U.S.C. § 1)

THE UNITED STATES, ACTING THROUGH ITS ATTORNEYS, CHARGES:

**Defendant and Co-Conspirators**

1.   NGK Spark Plug Co., Ltd. ("Defendant") is a corporation organized and existing under the laws of Japan, with its principal place of business in Nagoya, Japan. During the period covered by this Information, Defendant was engaged in the business of manufacturing and selling spark plugs, standard oxygen sensors, and air fuel ratio sensors to DaimlerChrysler AG, Ford Motor Company, Fuji Heavy Industries ("Subaru"), Honda Motor Company, Ltd., General Motors Company, Nissan Motor Co., Ltd., Toyota Motor Corporation, and certain of their U.S. subsidiaries in the United States and elsewhere, for installation in vehicles manufactured and sold in the United States and elsewhere.

2. Various corporations and individuals, not made defendants in this Information, participated as co-conspirators in the offense charged in this Information and performed acts and made statements in furtherance of it.

3. Whenever in this Information reference is made to any act, deed, or transaction of any corporation, the allegation means that the corporation engaged in the act, deed, or transaction by or through its officers, directors, employees, agents, or other representatives while they were actively engaged in the management, direction, control, or transaction of its business or affairs.

## Background of the Offense

4. During the period covered by this Information, Defendant and its co-conspirators sold spark plugs, standard oxygen sensors, and air fuel ratio sensors to automobile manufacturers for installation in vehicles manufactured and sold in the United States and elsewhere. During the period covered by this Information, Defendant and its co-conspirators sold spark plugs, standard oxygen sensors, and air fuel ratio sensors (a) in the United States for installation in vehicles manufactured and sold in the United States, (b) in Japan for export to the United States and installation in vehicles manufactured and sold in the United States, and (c) in Japan for installation in vehicles manufactured in Japan, some of which were then exported to and sold in the United States.

5. A spark plug is an engine component for delivering high electric voltage from the ignition system to the combustion chamber of an internal combustion engine. It ignites the compressed fuel/air mixture with an electric spark while containing combustion pressure within the engine. Spark plugs have a basic manufacturing design composed primarily of a shell, an insulator, a center electrode and an external (ground) electrode. Improvement of the ignitability or part longevity may be achieved by using an iridium or platinum alloy for the center electrode

and a platinum alloy for the ground electrode resulting in platinum or iridium-platinum spark plugs.

6. Oxygen sensors are located before and after the catalytic converter in the exhaust system to measure the amount of oxygen in the exhaust. An oxygen sensor provides an input to the engine management computer or "engine control unit," which adjusts the ratio of air/fuel injected into the engine to compensate for excess air or excess fuel. Standard oxygen sensors are "switching" sensors which essentially detect two states: rich or lean. The standard oxygen sensor element is a ceramic thimble plated inside and out with electrodes. These electrodes measure the difference in oxygen between the exhaust gas and the external air and then generate an output voltage depending on the difference between the two measured values.

7. Air fuel ratio sensors are "wideband" oxygen sensors located before the catalytic converter. An air fuel ratio sensor is paired with a special interface circuit so it can produce an electric current corresponding to the actual proportion of exhaust gas oxygen concentration enabling more precise control of the air/fuel ratio injected into the engine. This "wideband" sensor incorporates an electrochemical gas pump. An electronic circuit containing a feedback loop controls the gas pump current so that the pump current directly indicates the oxygen content of the exhaust gas.

8. When purchasing spark plugs, standard oxygen sensors, and air fuel ratio sensors, automobile manufacturers issue Requests for Quotation ("RFQs") to automotive parts suppliers. These RFQs may be issued on a model-by-model basis for model-specific parts or for a specific engine to be incorporated into multiple models. Manufacturers of spark plugs, standard oxygen sensors, and air fuel ratio sensors submit quotations, or bids, to automobile manufacturers in

response to RFQs. Typically, the bidding process for a particular model or a particular engine begins approximately three years prior to the start of production.

## Conspiracy to Restrain Trade

9. From at least as early as January 2000 and continuing until on or about July 2011, the exact dates being unknown to the United States, Defendant and its co-conspirators participated in a combination and conspiracy to suppress and eliminate competition in the automotive parts industry by agreeing to rig bids for, and to fix, stabilize, and maintain the prices of, spark plugs, standard oxygen sensors, and air fuel ratio sensors sold to DaimlerChrysler AG, Ford Motor Company, Fuji Heavy Industries ("Subaru"), Honda Motor Company, Ltd., General Motors Company, Nissan Motor Co., Ltd., Toyota Motor Corporation, and certain of their U.S. subsidiaries in the United States and elsewhere. The combination and conspiracy engaged in by Defendant and its co-conspirators was in unreasonable restraint of interstate and foreign trade and commerce in violation of the Sherman Antitrust Act, 15 U.S.C. § 1.

10. The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among Defendant and its co-conspirators, the substantial terms of which were to rig bids for, and to fix, stabilize, and maintain the prices of, spark plugs, standard oxygen sensors, and air fuel ratio sensors sold to DaimlerChrysler AG, Ford Motor Company, Fuji Heavy Industries ("Subaru"), Honda Motor Company, Ltd., General Motors Company, Nissan Motor Co., Ltd., Toyota Motor Corporation, and certain of their U.S. subsidiaries in the United States and elsewhere.

## Manner and Means of the Conspiracy

11. For purposes of forming and carrying out the charged combination and conspiracy, Defendant and/or its co-conspirators did those things that they combined and conspired to do, including, among other things:

    a. participating in meetings, conversations, and communications in Germany and Japan to discuss the bids and price quotations to be submitted to certain automobile manufacturers in the United States and elsewhere;

    b. agreeing, during those meetings, conversations, and communications, on bids and price quotations to be submitted to certain automobile manufacturers;

    c. agreeing, during those meetings, conversations, and communications, to allocate the supply of spark plugs, standard oxygen sensors, and air fuel ratio sensors sold to automobile manufacturers in the United States and elsewhere on a model-by-model basis or on an engine-specific basis;

    d. agreeing, during those meetings, conversations, and communications, to coordinate price adjustments requested by certain automobile manufacturers in Japan and elsewhere;

    e. submitting bids, price quotations, and price adjustments to certain automobile manufacturers in Japan and elsewhere in accordance with the agreements reached;

    f. selling spark plugs, standard oxygen sensors, and air fuel ratio sensors to certain automobile manufacturers in the United States and elsewhere at collusive and noncompetitive prices;

g. accepting payment for spark plugs, standard oxygen sensors, and air fuel ratio sensors sold to certain automobile manufacturers in the United States and elsewhere at collusive and noncompetitive prices; and

h. engaging in meetings, conversations, and communications in Japan and Germany for the purpose of monitoring and enforcing adherence to the agreed-upon bid-rigging and price-fixing scheme.

## Trade and Commerce

12. During the period covered by this Information, Defendant and its co-conspirators sold to automobile manufacturers in the United States and elsewhere substantial quantities of spark plugs, standard oxygen sensors, and air fuel ratio sensors manufactured in Japan and shipped into the United States and from other states in a continuous and uninterrupted flow of interstate and foreign trade and commerce. In addition, substantial quantities of equipment and supplies necessary to the production and distribution of spark plugs, standard oxygen sensors, and air fuel ratio sensors by Defendant or its co-conspirators, as well as payments for spark plugs, standard oxygen sensors, and air fuel ratio sensors sold by Defendant or its co-conspirators, traveled in interstate and foreign trade and commerce. The business activities of Defendant or its co-conspirators in connection with the production and sale of spark plugs, standard oxygen sensors, and air fuel ratio sensors that were the subject of the charged conspiracy were within the flow of, and substantially affected, interstate and foreign trade and commerce.

## Jurisdiction and Venue

13.  The combination and conspiracy charged in this Count was carried out, at least in part, in the Eastern District of Michigan within the five years preceding the filing of this Information.

ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

Dated: August 13, 2014

s/Brent C. Snyder
Brent C. Snyder
Deputy Assistant Attorney General
Antitrust Division
United States Department of Justice

s/Marvin N. Price
Marvin N. Price
Director of Criminal Enforcement
Antitrust Division
United States Department of Justice

s/Lisa M. Phelan
Lisa M. Phelan
Chief, Washington Criminal I Section

s/Diana Kane
Diana Kane
Natasha Smalky
Eric Meiring
Trial Attorneys
United States Department of Justice
Antitrust Division
450 Fifth Street, N.W., Suite 11300
Washington, D.C. 20530
Tel.: (202) 307-6694
Fax: (202) 514-6525
diana.kane2@usdoj.gov

s/Shane Cralle
Shane Cralle
Assistant United States Attorney
United States Attorney's Office
211 West Fort Street, Suite 2001
Detroit, MI 48226


ORIGINAL

| United States District Court<br>Eastern District of Michigan | **Criminal Case Co**[ver] | Case:2:14-cr-20494<br>Judge: Battani, Marianne O.<br>MJ: Grand, David R.<br>Filed: 08-19-2014 At 02:47 PM<br>INFO USA V NGK SPARK PLUG CO., LTD<br>(EB) |

NOTE: It is the responsibility of the Trial Attorney signing this form to c[omplete]

## Reassignment/Recusal Information
This matter was opened in the USAO prior to August 15, 2008 [ ]

| **Companion Case Information** | **Companion Case Number:** 12-20063 |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: Honorable George C. Steeh |
| ☒ Yes ☐ No | AUSA's Initials: DK |

Case Title: USA v. NGK Spark Plug Co., Ltd.

County where offense occurred: Wayne

Check One: ☒ Felony ☐ Misdemeanor ☐ Petty

\_\_\_\_Indictment/ ✓ Information --- **no prior complaint.**
\_\_\_\_Indictment/\_\_\_\_Information --- based upon prior complaint [Case number: ]
\_\_\_\_Indictment/\_\_\_\_Information --- based upon **LCrR 57.10 (d)** *[Complete Superseding section below]*.

## Superseding Case Information

Superseding to Case No: _____  Judge: _____

\_\_\_\_ Original case was terminated; no additional charges or defendants.
\_\_\_\_ Corrects errors; no additional charges or defendants.
\_\_\_\_ Involves, for plea purposes, different charges or adds counts.
\_\_\_\_ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| | | |

**Please take notice that the below listed Trial Attorney is the attorney of record for the above captioned case.**

August 14, 2014
Date

Diana Kane
Trial Attorney
U.S. Dept. of Justice, Antitrust Division
National Criminal Enforcement Section
450 5th St., N.W., Suite 11300
Washington, DC 20530
Phone: (202) 307-6694
Fax: (202) 514-6525
E-Mail address: diana.kane2@usdoj.gov

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated. (5/20/13)